# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1094V

| | |
|---|---|
| DANKIRIA WILLIAMSON, *as representative of the* ESTATE OF SHAWNTEL DENMARK, <br><br>                    Petitioner, <br>v. <br><br>SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                    Respondent. | Chief Special Master Corcoran <br><br> Filed: June 11, 2024 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Neil Bhargava, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On March 22, 2021, Shawntel Denmark filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On March 16, 2023, Dankiria Williamson ("Petitioner") was correctly substituted in as the petitioner, as Ms. Denmark had passed away from "a condition unrelated to her vaccine injury." ECF Nos. 17, 22. Petitioner alleges that Ms. Denmark suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered to her on December 18, 2020. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, Ms. Denmark suffered sequela of her injury for more than six months, and neither Petitioner nor any

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

other party has ever received compensation in the form of an award or settlement for Ms. Denmark's vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 29, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for Ms. Denmark's SIRVA. ECF No. 35. On June 10, 2024, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $50,000.00 in pain and suffering and $2,408.60 in past unreimbursable expenses. Proffer at 2, ECF No. 42. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $52,408.60 for pain and suffering and past unreimbursable expenses, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

                                                          **s/Brian H. Corcoran**
                                                          Brian H. Corcoran
                                                          Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DANRIKA WILLIAMSON *as personal representative of the estate of* SHAWNTEL DENMARK,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 21-1094V<br>Chief Special Master Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 22, 2021, Shawntel Denmark filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza ("flu") vaccination she received on December 18, 2020. Petition at 1. On November 17, 2022, Ms. Danrika Williamson ("petitioner") was correctly substituted in as the petitioner, as Ms. Denmark had passed away from "a condition unrelated to her vaccine injury." ECF No. 17. On January 26, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on January 29, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 33; ECF No.34.

1

**I.       Items of Compensation**

     A.        <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $50,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

     B.        <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that Ms. Denmark incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,408.60.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

**II.      Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through lump sum payments as described below and requests that the Special Master's decision and the Court's judgment award the following[1]:

     A.  A lump sum payment of $52,408.60, in the form of a check payable to petitioner.

**III.     Summary of Recommended Payments Following Judgment**

     A.  Lump sum payable to petitioner, Danrika Williamson       **$ 52,408.60**

                                  Respectfully submitted,

                                  BRIAN M. BOYNTON
                                  Principal Deputy Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ *Neil Bhargava*
NEIL BHARGAVA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel.: (202) 305-3989
neil.bhargava@usdoj.gov

Date:  June 10, 2024